MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

JENNIFER GASPAR (CABN 266726)
Special Assistant United States Attorney
   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3680
   Fax: (510) 637-3724
   E-Mail: jennifer.gaspar@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 10-00916 PJH |
| Plaintiff, ) | |
| v. ) | NOTICE OF DISMISSAL |
| FERNANDO ALEXANDER HENRIQUEZ, ) | |
| Defendant. ) | |

     Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Melinda Haag, United States Attorney, and Jennifer Gaspar, Special Assistant United States Attorney, respectfully requests, pursuant to Rule 48(a), Federal Rules of Criminal Procedure, that the Court dismiss the indictment in the above-entitled case without prejudice.

     The defendant, Fernando Alexander Henriquez, was convicted of possession for sale of methamphetamine, a felony, in violation of California Health and Safety Code section 11379(a) on August 20, 2003. Following a hearing, an immigration judge ordered the defendant's removal from the United States on November 17, 2004. The defendant was removed and subsequently re-entered the United States without permission. He was arrested in the Northern District of California for possession of a controlled substance on December 4, 2010, and charged with a

NOTICE OF DISMISSAL
CR 10-00916 PJH

felony violation of 8 U.S.C. § 1326 on December 16, 2010.

On March 4, 2011, the defendant filed a motion to reopen his November 17, 2004, order of removal in the United States Immigration Court. The Immigration Judge ("IJ") denied the defendant's motion on March 22, 2011. The defendant subsequently filed a motion to reconsider that decision on April 6, 2011. The IJ granted this motion on May 24, 2011. The IJ found that the defendant's November 17, 2004, removal was invalid because the conviction documents presented during the defendant's removal hearing did not specify the type of controlled substance the defendant possessed. Section 11379(a) prohibits some controlled substances that are not listed in the federal Controlled Substances Act. The IJ found that this was a sufficient basis to reopen the defendant's prior removal. As a result, the United States cannot rely on the removal or any subsequent reinstatements of the removal to support the Indictment at this time. The summary reinstatement of a flawed removal cannot support a 1326 indictment. See United States v. Arias-Ordonez, 597 F.3d 972 (9th Cir. 2010). The United States therefore requests that this Court dismiss the Indictment without prejudice.

DATED: June 10, 2011

Respectfully submitted,

MELINDA HAAG
United States Attorney

  /s/
JENNIFER GASPAR
Special Assistant United States Attorney

Order

For the reasons outlined above, this Court hereby orders United States v. Henriquez to be dismissed.

IT IS SO ORDERED.

DATED: June 14, 2011



HONORABLE PHYLLIS J. HAMILTON
United States District Court Judge

NOTICE OF DISMISSAL
CR 10-00916 PJH